1  WILLIAM R. TAMAYO – #084965 (CA)
   JONATHAN T. PECK -- #12303 (VA)
2  EVANGELINA FIERRO HERNANDEZ -- #168879 (CA)
   EQUAL EMPLOYMENT OPPORTUNITY
3  COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California 94105
5  Telephone:    (415) 625-5622
   Facsimile:    (415) 625-5657
6  Evangelina.Hernandez@eeoc.gov

7  Attorneys for Plaintiff Equal Employment Opportunity Commission

8  SUSAN SHER-14210 WA
   LAW OFFICES OF SUSAN SHER
9  215 West Standley Street, Suite 8
   Ukiah, California 95482
10 Telephone: (707) 463-1196
   Fascimile: (707) 462-6258

11
   Attorney for Plaintiff-Intervenor Amanda K. Manning
12
   JEFFEREY N. DALY - #59034 (CA)
13 P.O. Box 246
   Hidden Valley Lake, California
14 Telephone: (707) 987-9082
   Facsimile: (707) 987-0982
15
   CATHERINE L. MANSKE - #183815 (CA)
16 GORDON & REES LLP
   655 University Avenue, Suite 200
17 Sacramento, California 95825
   Telephone: (916) 565-2900
18 Fascimile: (916) 920-4402

19 Attorneys For: Defendant
   J.A. SUTHERLAND, INC. DBA TACO BELL
20

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28

**Consent Decree**
**3:06-cv-4705-TEH**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT **OPPORTUNITY** COMMISSION, | Civil Action No. 3:06-cv-4705-TEH |
| Plaintiff, | |
| and | CONSENT DECREE |
| AMANDA MANNING, | |
| Plaintiff-Intervenor | |
| v. | |
| J.A. SUTHERLAND, INC., **d/b/a** TACO BELL, | |
| Defendant. | |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex harassment and to make whole Ms. Amanda Manning who was allegedly aggrieved by unlawful practices. Plaintiff EEOC alleged that defendant J.A. SUTHERLAND, INC., d/b/a TACO BELL (hereinafter "the Company" or "Defendant") unlawfully subjected Ms. Manning to a sexually hostile work environment. Plaintiff -Intervenor Amanda Manning intervened in the lawsuit alleging both federal and state claims of discrimination. Plaintiff EEOC and the Intervenor are collectively referred to as the "Plaintiffs." Defendant has answered the complaints and denied all the allegations.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the Commission, Intervenor, and Defendant

1   (hereinafter "the Parties") have agreed that the above-captioned lawsuit should be

2   finally resolved by entry of this Consent Decree.  This Consent Decree shall not

3   constitute an adjudication and/or a finding on the merits of the lawsuit.

4         This Consent Decree resolves all claims arising out of EEOC Charge No. 370-

5   2004-02927 and the complaints filed in the lawsuit. This Consent Decree also resolves all claims

6   for attorneys fees and costs that were made or could have been made by the Commission and the

7   Intervenor, and the Defendant in this lawsuit.  This Consent Decree does not, however, resolve

8   any future charges or charges that may be pending with the EEOC other than the charge and

9   complaints specifically referenced in this paragraph.

10        This Consent Decree comprises the full and exclusive agreement of the Parties.  No

11  waiver, modification or amendment of any provision of this Consent Decree shall be effective

12  unless made in writing and approved by all the Parties and the Court.

13        The Court has reviewed this Consent Decree in light of the pleadings, the record herein,

14  and now approves this Consent Decree.  THEREFORE, IT IS ORDERED, ADJUDGED AND

15  DECREED:

16  **I.**      **GENERAL PROVISIONS**

17  1.    This Court has jurisdiction over the subject matter and the Parties to this lawsuit.  This

18         Court will retain jurisdiction over this Decree for all purposes until the expiration of

19         Parties' obligations as set forth herein.

20  2.    This Consent Decree is final and binding upon the Parties, their successors and assigns.

21  **II.**    **GENERAL INJUNCTIVE RELIEF**

22  **3.**    *Sexual Harassment:* Defendant, and its officers, agents, managers (including supervisory

23         employees), successors and assigns, is enjoined from: (a) discriminating against persons

24         on the basis of sex in the terms and conditions of employment; (b) engaging in or be a

25         party to any action, policy or practice that is intended to, or is known to them, to have the

26         effect of harassing or intimidating any employee on the basis of sex; or (c) creating,

27         facilitating or permitting, to the extent known to them, the existence of a work

28

**Consent Decree**
3:06-cv-4705-TEH

1    environment hostile to female employees.

2    **III.    MONETARY RELIEF**

3    **5.**    Defendant shall pay the total sum of $48,000.00 (the "Settlement Payment") as damages,

4    to Amanda Manning as set forth below.

5        a.    The Settlement Payment will be paid as damages.

6        b.    Defendant shall report the Settlement Payment by issuance of IRS Form 1099 to

7              Amanda Manning.

8        c.    Defendant shall pay the Settlement Payment as follows:

9              **1.**    Within twenty (20) days of the entry of this Consent Decree, the Defendant

10             will issue 1) a check for the amount of $48,000.00 made jointly payable to

11             Amanda Manning and the Offices of Susan Sher. Defendant shall make payment

12             in the form of a business check, cashier's check, or certified check. Defendant will

13             mail the check to Ms. Sher at 215 West **Standley** Street, Suite 8, Ukiah, California

14             95482, and  mail a copy of the check to Evangelina **Fierro** Hernandez, Senior Trial

15             Attorney, EEOC 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

16       d.    Payment of monetary relief to Ms. Manning and her attorney shall be contingent

17             on the execution of a separate release by Ms. Manning.

18       e.    Entire Consideration.  The Plaintiffs agree that the foregoing amounts shall

19             constitute the entire monetary consideration provided to the Plaintiffs under this

20             Consent Decree and that Plaintiff Intervenor, and her respective attorney, will not

21             seek any **further** compensation for any other claimed damage, cost, or attorney's

22             fees in connection with the matters encompassed by this Consent Decree.

23   **IV.    SPECIFIC INJUNCTIVE RELIEF**

24   **6.    Zero-Tolerance**

25   Defendant affirms the following "Statement of Zero-Tolerance Policy and Equality

26   Objectives":

27             Defendant is firmly committed to maintaining a zero-tolerance

28

1    policy concerning discriminatory harassment and retaliation against

2    individuals who report harassment in the company's workplace; to

3    swiftly and firmly respond to any acts of harassment and retaliation

4    of which the company becomes aware; to imposing appropriate

5    discipline designed to strongly deter future acts of harassment or

6    retaliation; and to actively monitor its workplace in order to ensure

7    tolerance, respect and dignity for all employees.

8    This paragraph does not create any individual contractual or common law causes of

9    action or other rights that would not otherwise exist under statute.

10   **7.      EEO and Harassment Policies**

11   Defendant shall revise to the extent necessary its EEO & harassment policies,

12   within forty-five  (45) days of signing the Consent Decree, such that the policies:

13   (i) include definitions of discriminatory harassment, with specific reference to

14   harassment based on sex; (ii) include examples to supplement the definitions of

15   harassment based on sex; (iii) provide for appropriate discipline **and/or** corrective

16   action for incidents of discriminatory harassment; (iv) include strong **non-**

17   retaliation language with examples to supplement the definition of retaliation; (v)

18   provide for appropriate discipline for incidents of retaliation designed to deter

19   future acts of retaliation; (vi) provide that complaints of harassment **and/or**

20   retaliation will be accepted irrespective of whether they are made verbally or in

21   writing; (vii) provide a reasonable timetable for commencing an investigation after

22   a complaint is made or received and for appropriate remedial action, if warranted,

23   to be taken upon conclusion of an investigation; and (viii) indicate that, promptly

24   upon the conclusion of the investigation of a complaint, the Company will

25   communicate to the complaining party the results of the investigation and the

26   remedial actions taken or proposed, if any.

27   b.      Defendant shall effectively disseminate its revised policies and procedures

28

by:

    **1.**    Distributing copies of the policy to all new Clearlake employees within **30** days of its adoption;

    ii.    Giving a copy of the policy to and reviewing the policy with all new employees upon the employees' hire.

    c.    The Company will submit a copy of the revised EEO and harassment policies to EEOC at the same time it distributes said policies to its Clearlake, California employees.

**8.**    **Complaint Procedure.**

Defendant shall maintain a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy.  As part of the policy, Defendant shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation.  The complaint procedure and harassment policy shall notify employees that they can lodge a complaint with their immediate supervisor, human resources, or any corporate official. Contact information for human resources and corporate officials  shall be posted in the policy. Contact information for the human resources and corporate officials also shall be posted in a prominent place at the business location in Clearlake, California.

9.    **Distribution of Anti-Harassment Policy.**

Within forty five (45) days of the entry of this Consent Decree, Defendant shall issue to all employees, supervisors and managers at the Clearlake location its EEO and harassment policy  and each such person shall be asked to sign an acknowledgment that they have received and read the policy.  The same acknowledgment shall be required of all newly hired employees at the start of their employment.

**10.**    **Training of Employees.**

Within sixty **(60)** days of entry of this Consent Decree, Defendant shall provide three **(3)** hours of anti-harassment training to all Clearlake employees.  **A** second training shall

occur no later than May 15,2008.  A third training shall occur no later than May 15,

2009.  The purpose of said training shall be to give participants an understanding of

harassment issues, particularly sexual harassment, including but not limited to what

constitutes sexual harassment, sources of legal protection for sexual harassment victims,

the employees' obligation to report sexual harassment, the employer's obligation to take

preventive, investigative and remedial action with respect to harassment complaints, and

to review company policies (including discipline policies) and practices related to sexual

harassment and retaliation with Company employees.   Defendant shall retain records of

the training programs, copies of any materials distributed during the training and

identifying persons who attended the training.  Defendant will provide a copy of these

records, and the training materials to the Commission within thirty (30) days of

completion of each training.

**11.** **Expungement of Records and Disclosure of Information Regarding Amanda**

**Manning's Employment**

a.  Defendant shall not disclose any information or make references to any charge of

discrimination or this lawsuit in responding to employment reference requests for

information about Amanda Manning.

b.  Defendant shall expunge from Amanda Manning's personnel file any references to

a charge of discrimination against the Company and this lawsuit.

c.  From the date of entry of this Consent Decree, Defendant shall not disclose in

response to inquiries from potential employers any information regarding Amanda

Manning's employment with the Company except as follows:

1.  In response to a specific inquiry, the Company may disclose Amanda

Manning's dates of employment, position held and final rate of pay;

ii.  The Company may report any information as required by law to state or

federal authorities;

iii.  The Company may disclose information under Court order;

iv.     Within twenty (20) days from the date of entry of this Consent Decree, the

Company shall provide Amanda Manning with a letter of reference stating

her dates of employment and positions held. The original letter of reference

shall be sent to Susan Sher, Esq. for transmittal to Ms. Manning, with a

copy to Evangelina Fierro Hernandez, Senior Trial Attorney, EEOC, 350

The Embarcadero, Suite 500, San Francisco, CA 94105.

**12.     Reports to the Commission**

a.     Training:Reports:

Within thirty (30) days of completion of each training required by this Consent

Decree, the Company will send the EEOC verification of its completion of

harassment training for its employees and accompanying documents.

b.     Sexual Harassment **Complaint** Reports: At the time the above verification of each

training, Defendant shall provide to the Commission the name, address, position

and telephone number any individual who has brought allegations of sexual

harassment, **and/or** retaliation against Defendant, formal or informal, including,

but not limited to, management officials, vendors, agents, employees, and

customers. The nature of the complaint, the investigation by the Company and the

corrective action taken, if any, shall be specified.

**13.     Policies Desiined to Promote Supervisor Accountability**

a.     Communication of Potential Discipline for **Engaging** in Harassment.

Defendant shall impose appropriate discipline, up to and including termination,

suspension without pay or demotion, upon any supervisor or manager who

engages in sexual harassment or knowingly permits any such conduct to occur in

his or her work area or among employees under his or her supervision, or who

retaliates against any person who complains or participates in any investigation or

proceeding concerning such conduct.  The Company shall communicate this

1          policy to all of its supervisors and managers.

2      b.    <u>Communication of **Duty** to Actively Monitor **Worksite**</u>.

3          Defendant shall advise all managers and supervisors of their duty to actively

4          monitor their work areas to ensure employee compliance with the company's **anti-**

5          harassment policy, and to report any incidents **and/or** complaints of harassment

6          **and/or** retaliation of which they become aware to the individuals charged with

7          handling such complaints.

8 **V.**      <u>**RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**</u>

9      a.    This Consent Decree shall automatically terminate two (2) years from the date of

10          entry by the Court, unless the Commission or Defendant petitions this Court for an

11          extension of the Decree because of noncompliance by any Party. If any Party

12          determines that the other has not complied with the Consent Decree, the Party will

13          provide written notification of the alleged breach to all Parties and will not petition

14          the Court for enforcement sooner than thirty (30) days after providing written

15          notification. The thirty-day period following written notice shall be used by the

16          parties for good faith efforts to resolve the issue. If the Commission petitions the

17          Court and the Court finds the Company to be in substantial violation of the terms

18          of the Decree, the Court may extend this Consent Decree.

19

20

21   Plaintiff Commission                     Defendant:

22   Dated: ~~June~~ _July 11_ ,200'7               Dated: June _____, 2007

23

24

25   William R. Tamayo                      Jefferey N. Daly

    Regional Attorney                       LAW OFFICES OF JEFFEREY N. DALY

26

27

28

    **Consent Decree**
    **3:06-cv-4705-TEH**

1          policy to all of its supervisors and managers.

2      b.    Communication of Duty to Actively Monitor **Worksite**.

3          Defendant shall advise all managers and supervisors of their duty to actively

4          monitor their work areas to ensure employee compliance with the company's **anti-**

5          harassment policy, and to report any incidents and/or complaints of harassment

6          **and/or** retaliation of which **they** become aware to the individuals charged with

7          handling such complaints.

8  **V.     RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

9      a.    This Consent Decree shall automatically terminate two (2) years from the date of

10          entry by the Court, unless the Commission or Defendant petitions this Court for an

11          extension of the Decree **because** of **noncompliance** by any Party.  If any Party

12          determines that **the** other has not complied with the Consent Decree, the Party will

13          provide written notification of the alleged breach to all Parties and will not petition

14          the Court for enforcement sooner than thirty (30) days after providing written

15          notification.  The thirty-day period **following** written notice **shall** be used by the

16          parties for good faith efforts to resolve the issue.  If the Commission petitions the

17          Court and **the** Court finds the Company to be in substantial violation of the terms

18          of the Decree, the Court may extend this Consent Decree.

19

20

21   Plaintiff Commission                          Defendant:

22
    Dated:  June _____, 2007                      Dated:  June 30 ,2007
23

24

25   _____                    _____
    William R. Tamayo                            Jefferey N. Daly
26   Regional Attorney                            LAW OFFICES OF JEFFEREY N. DALY

27

28

**Consent Decree**
3:06-cv-4705-TEH

1

Jonathan T. Peck                          Catherine L. Manske
2   Supervisory Trial Attorney                 GORDON & REES LLP

3                                                Plaintiff-Intervenor

4

5

Evangelina Fierro Hernandez               SUSAN SHER
6   Senior Trial Attorney                     LAW OFFICES OF SUSAN SHER
    U.S.  EQUAL EMPLOYMENT                   Attorney for Intervenors
7   OPPORTUNITY COMMISSION

8

9    IT IS SO ORDERED:

10

11   Dated:

12                                             Thelton E. Henderson
                                               United States District Court Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jun 28 2007 9:36AM  Law Office of Susan Sher  (707)462-6258

1

Jonathan T. Peck
2  Supervisory Trial Attorney

3

4

5

Evangelina Fierro Hernandez
6  Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
7  OPPORTUNITY COMMISSION

8

9  IT IS SO ORDERED:

10

07/18/07
11  Dated:_____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Catherine L. Manske
GORDON & REES LLP

Plaintiff-Intervenor

SUSAN SHER
LAW OFFICES OF SUSAN SHER
Attorney for Intervenors

Thelton E. Henderson
United States District Court Judge

Judge Thelton E. Henderson

**Consent Decree**
3:06-cv-4705-TEH

Page 10