WILLIAM R. TAMAYO – #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
EVANGELINA FIERRO HERNANDEZ -- #168879 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone:   (415) 625-5622
Facsimile:     (415) 625-5657
Evangelina.Hernandez@eeoc.gov

Attorneys for Plaintiff Equal Employment Opportunity Commission

SUSAN SHER-14210 WA
LAW OFFICES OF SUSAN SHER
215 West Standley Street, Suite 8
Ukiah, California 95482
Telephone: (707) 463-1196
Fascimile: (707) 462-6258

Attorney for Plaintiff-Intervenor Amanda K. Manning

JEFFEREY N. DALY - #59034 (CA)
P.O. Box 246
Hidden Valley Lake, California
Telephone: (707) 987-9082
Facsimile: (707) 987-0982

CATHERINE L. MANSKE - #183815 (CA)
GORDON & REES LLP
655 University Avenue, Suite 200
Sacramento, California 95825
Telephone: (916) 565-2900
Fascimile: (916) 920-4402

Attorneys For: Defendant
J.A. SUTHERLAND, INC. DBA TACO BELL

//

//

//

//

//

//

//

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>and<br><br>AMANDA MANNING,<br><br>    Plaintiff-Intervenor<br><br>v.<br><br>J.A. SUTHERLAND, INC., d/b/a TACO BELL,<br><br>    Defendant. | Civil Action No. 3:06-cv-4705-TEH<br><br>CONSENT DECREE |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex harassment and to make whole Ms. Amanda Manning who was allegedly aggrieved by unlawful practices. Plaintiff EEOC alleged that defendant J.A. SUTHERLAND, INC., d/b/a TACO BELL (hereinafter "the Company" or "Defendant") unlawfully subjected Ms. Manning to a sexually hostile work environment. Plaintiff-Intervenor Amanda Manning intervened in the lawsuit alleging both federal and state claims of discrimination. Plaintiff EEOC and the Intervenor are collectively referred to as the "Plaintiffs." Defendant has answered the complaints and denied all the allegations.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the Commission, Intervenor, and Defendant

(hereinafater "the Parties") have agreed that the above-captioned lawsuit should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the lawsuit.

This Consent Decree resolves all claims arising out of EEOC Charge No. 370-2004-02927 and the complaints filed in the lawsuit. This Consent Decree also resolves all claims for attorneys fees and costs that were made or could have been made by the Commission and the Intervenor, and the Defendant in this lawsuit. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charge and complaints specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the Parties. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties and the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree. THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

**I.   GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the Parties to this lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Parties' obligations as set forth herein.

2. This Consent Decree is final and binding upon the Parties, their successors and assigns.

**II.   GENERAL INJUNCTIVE RELIEF**

3. *Sexual Harassment:* Defendant, and its officers, agents, managers (including supervisory employees), successors and assigns, is enjoined from: (a) discriminating against persons on the basis of sex in the terms and conditions of employment; (b) engaging in or be a party to any action, policy or practice that is intended to, or is known to them, to have the effect of harassing or intimidating any employee on the basis of sex; or (c) creating, facilitating or permitting, to the extent known to them, the existence of a work

environment hostile to female employees.

## III. MONETARY RELIEF

5. Defendant shall pay the total sum of $48,000.00 (the "Settlement Payment") as damages, to Amanda Manning as set forth below.

   a. The Settlement Payment will be paid as damages.

   b. Defendant shall report the Settlement Payment by issuance of IRS Form 1099 to Amanda Manning.

   c. Defendant shall pay the Settlement Payment as follows:

      1. Within twenty (20) days of the entry of this Consent Decree, the Defendant will issue 1) a check for the amount of $48,000.00 made jointly payable to Amanda Manning and the Offices of Susan Sher. Defendant shall make payment in the form of a business check, cashier's check, or certified check. Defendant will mail the check to Ms. Sher at 215 West Standley Street, Suite 8, Ukiah, California 95482, and mail a copy of the check to Evangelina Fierro Hernandez, Senior Trial Attorney, EEOC 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

   d. Payment of monetary relief to Ms. Manning and her attorney shall be contingent on the execution of a separate release by Ms. Manning.

   e. Entire Consideration. The Plaintiffs agree that the foregoing amounts shall constitute the entire monetary consideration provided to the Plaintiffs under this Consent Decree and that Plaintiff Intervenor, and her respective attorney, will not seek any further compensation for any other claimed damage, cost, or attorney's fees in connection with the matters encompassed by this Consent Decree.

## IV. SPECIFIC INJUNCTIVE RELIEF

6. **Zero-Tolerance**

   Defendant affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

   Defendant is firmly committed to maintaining a zero-tolerance

policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly respond to any acts of harassment and retaliation of which the company becomes aware; to imposing appropriate discipline designed to strongly deter future acts of harassment or retaliation; and to actively monitor its workplace in order to ensure tolerance, respect and dignity for all employees.

This paragraph does not create any individual contractual or common law causes of action or other rights that would not otherwise exist under statute.

7. **EEO and Harassment Policies**

Defendant shall revise to the extent necessary its EEO & harassment policies, within forty-five (45) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory harassment, with specific reference to harassment based on sex; (ii) include examples to supplement the definitions of harassment based on sex; (iii) provide for appropriate discipline **and/or** corrective action for incidents of discriminatory harassment; (iv) include strong **non-**retaliation language with examples to supplement the definition of retaliation; (v) provide for appropriate discipline for incidents of retaliation designed to deter future acts of retaliation; (vi) provide that complaints of harassment **and/or** retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) provide a reasonable timetable for commencing an investigation after a complaint is made or received and for appropriate remedial action, if warranted, to be taken upon conclusion of an investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, the Company will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

b.  Defendant shall effectively disseminate its revised policies and procedures

by:

    i. Distributing copies of the policy to all new Clearlake employees within **30** days of its adoption;

    ii. Giving a copy of the policy to and reviewing the policy with all new employees upon the employees' hire.

c. The Company will submit a copy of the revised EEO and harassment policies to EEOC at the same time it distributes said policies to its Clearlake, California employees.

8. **Complaint Procedure.**

Defendant shall maintain a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy. As part of the policy, Defendant shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation. The complaint procedure and harassment policy shall notify employees that they can lodge a complaint with their immediate supervisor, human resources, or any corporate official. Contact information for human resources and corporate officials shall be posted in the policy. Contact information for the human resources and corporate officials also shall be posted in a prominent place at the business location in Clearlake, California.

9. **Distribution of Anti-Harassment Policy.**

Within forty five (45) days of the entry of this Consent Decree, Defendant shall issue to all employees, supervisors and managers at the Clearlake location its EEO and harassment policy and each such person shall be asked to sign an acknowledgment that they have received and read the policy. The same acknowledgment shall be required of all newly hired employees at the start of their employment.

10. **Training of Employees.**

Within sixty **(60)** days of entry of this Consent Decree, Defendant shall provide three **(3)** hours of anti-harassment training to all Clearlake employees. **A** second training shall

occur no later than May 15, 2008. A third training shall occur no later than May 15, 2009. The purpose of said training shall be to give participants an understanding of harassment issues, particularly sexual harassment, including but not limited to what constitutes sexual harassment, sources of legal protection for sexual harassment victims, the employees' obligation to report sexual harassment, the employer's obligation to take preventive, investigative and remedial action with respect to harassment complaints, and to review company policies (including discipline policies) and practices related to sexual harassment and retaliation with Company employees.   Defendant shall retain records of the training programs, copies of any materials distributed during the training and identifying persons who attended the training. Defendant will provide a copy of these records, and the training materials to the Commission within thirty (30) days of completion of each training.

11. **Expungement of Records and Disclosure of Information Regarding Amanda Manning's Employment**

    a. Defendant shall not disclose any information or make references to any charge of discrimination or this lawsuit in responding to employment reference requests for information about Amanda Manning.

    b. Defendant shall expunge from Amanda Manning's personnel file any references to a charge of discrimination against the Company and this lawsuit.

    c. From the date of entry of this Consent Decree, Defendant shall not disclose in response to inquiries from potential employers any information regarding Amanda Manning's employment with the Company except as follows:

        i. In response to a specific inquiry, the Company may disclose Amanda Manning's dates of employment, position held and final rate of pay;

        ii. The Company may report any information as required by law to state or federal authorities;

        iii. The Company may disclose information under Court order;

      iv.    Within twenty (20) days from the date of entry of this Consent Decree, the Company shall provide Amanda Manning with a letter of reference stating her dates of employment and positions held. The original letter of reference shall be sent to Susan Sher, Esq. for transmittal to Ms. Manning, with a copy to Evangelina Fierro Hernandez, Senior Trial Attorney, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

**12.** **Reports to the Commission**

    a.    <u>Training:Reports</u>:

Within thirty (30) days of completion of each training required by this Consent Decree, the Company will send the EEOC verification of its completion of harassment training for its employees and accompanying documents.

    b.    <u>Sexual Harassment Complaint Reports:</u> At the time the above verification of each training, Defendant shall provide to the Commission the name, address, position and telephone number any individual who has brought allegations of sexual harassment, and/or retaliation against Defendant, formal or informal, including, but not limited to, management officials, vendors, agents, employees, and customers. The nature of the complaint, the investigation by the Company and the corrective action taken, if any, shall be specified.

**13.** **Policies Designed to Promote Supervisor Accountability**

    a.    <u>Communication of Potential Discipline for Engaging in Harassment</u>.

Defendant shall impose appropriate discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in sexual harassment or knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. The Company shall communicate this

policy to all of its supervisors and managers.

    b. <u>Communication of **Duty** to Actively Monitor **Worksite**</u>.

Defendant shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the company's **anti-harassment** policy, and to report any incidents **and/or** complaints of harassment **and/or** retaliation of which they become aware to the individuals charged with handling such complaints.

**V.**	**RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

    a.	This Consent Decree shall automatically terminate two (2) years from the date of entry by the Court, unless the Commission or Defendant petitions this Court for an extension of the Decree because of noncompliance by any Party. If any Party determines that the other has not complied with the Consent Decree, the Party will provide written notification of the alleged breach to all Parties and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds the Company to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

Plaintiff Commission

Dated: ~~June~~ July 1/ , 2007

_____
William R. Tamayo
Regional Attorney

Defendant:

Dated: June _____, 2007

_____
Jefferey N. Daly
LAW OFFICES OF JEFFEREY N. DALY

Consent Decree
3:06-cv-4705-TEH

policy to all of its supervisors and managers.

    b.    <u>Communication of Duty to Actively Monitor Worksite</u>.

Defendant shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the company's anti-harassment policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the individuals charged with handling such complaints.

## V. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

    a.    This Consent Decree shall automatically terminate two (2) years from the date of entry by the Court, unless the Commission or Defendant petitions this Court for an extension of the Decree because of noncompliance by any Party. If any Party determines that the other has not complied with the Consent Decree, the Party will provide written notification of the alleged breach to all Parties and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds the Company to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

Plaintiff Commission

Dated: June _____, 2007

_____
William R. Tamayo
Regional Attorney

Defendant:

Dated: June 30, 2007

_____
Jefferey N. Daly
LAW OFFICES OF JEFFEREY N. DALY

_(signature)_ 7/11/07
Jonathan T. Peck
Supervisory Trial Attorney

_____
Catherine L. Manske
GORDON & REES LLP

Plaintiff-Intervenor

_(signature)_ 7/11/07
Evangelina Fierro Hernandez
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_____
SUSAN SHER
LAW OFFICES OF SUSAN SHER
Attorney for Intervenors

IT IS SO ORDERED:

Dated:_____

_____
Thelton E. Henderson
United States District Court Judge

| | |
|---|---|
| Jonathan T. Peck<br>Supervisory Trial Attorney | Catherine L. Manske<br>GORDON & REES LLP<br><br>Plaintiff-Intervenor<br><br>*/s/ Susan Sher*<br>SUSAN SHER<br>LAW OFFICES OF SUSAN SHER<br>Attorney for Intervenors |
| Evangelina Fierro Hernandez<br>Senior Trial Attorney<br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | |

IT IS SO ORDERED:

Dated: 07/18/07

*/s/ Thelton E. Henderson*
Thelton E. Henderson
United States District Court Judge